# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANNENBERG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON PRICE, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00128-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE<br><br>(ECF No. 10)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Eric Dannenberg ("Plaintiff"), a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 20, 2020, an order issued requiring Plaintiff to either file an amended complaint or a notice that he was willing to proceed on the claims found to be cognizable in the complaint within thirty days. (ECF No. 10.) More than thirty days have passed and Plaintiff has not filed an amended complaint, filed a notice that he wishes to proceed on the cognizable claim, nor otherwise responded to the Court's order.

　　　　Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended

1 complaint to cure the deficiencies that were identified in his complaint or notify the Court that
2 he was willing to proceed on the cognizable claims within thirty days of July 20, 2020.
3 Plaintiff has been provided with the legal standards that would apply to his claims and the
4 opportunity to file an amended complaint.  Plaintiff has neither filed an amended complaint,
5 notified the Court that he is willing to proceed on the cognizable claims, nor otherwise
6 responded to the Court's July 20, 2020 order.  Plaintiff's failure to comply with the orders of
7 the Court hinders the Court's ability to move this action towards disposition, and indicates that
8 Plaintiff does not intend to diligently litigate this action.

9 Since it appears that Plaintiff does not intend to diligently litigate this action there arises a
10 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
11 1452-53 (9th Cir. 1994).  Since, Plaintiff has not responded to the Court's order, the risk of
12 prejudice to the defendants also weighs in favor of dismissal.

13 The public policy in favor of deciding cases on their merits is greatly outweighed by the
14 factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This
15 action can proceed no further without Plaintiff's cooperation and compliance with the order at
16 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this
17 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's
18 orders.

19 Finally, since Plaintiff is proceeding in this action *in forma pauperis* monetary sanctions
20 would be ineffective to address the failure to comply.  A court's warning to a party that their
21 failure to obey the court's order will result in dismissal satisfies the "consideration of
22 alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779
23 F.2d at 1424.  The Court's July 20, 2020 order requiring Plaintiff to file an amended complaint
24 or notify the Court that he would proceed on the cognizable claims expressly stated: "Plaintiff
25 is warned that if he fails to comply with this order, the Court will recommend to the district
26 judge that this action be dismissed for the failure to prosecute and the failure to comply with a
27 court order."  (ECF No. 10 at 25:3-5 (emphasis in original).)  Thus, Plaintiff had adequate
28 warning that dismissal of this action would result from his noncompliance with the Court's

order.

Accordingly, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2020**

UNITED STATES MAGISTRATE JUDGE